UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-23522-DPG

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

ROBERT LHEZ, individually and as an officer of Arcana Center, Corp. and of Partners VAD International Sàrl, also d/b/a Lynco;

MIREILLE DAYER;

JULIE POULLEAU;

ARCANA CENTER, CORP., also d/b/a LCO, LMS, CEB (a/k/a Centre Du Bien-Etre Sàrl), Laura Vivian, Louis De Kersan, and Helena Fay;

PARTNERS VAD INTERNATIONAL SÀRL, also d/b/a VAD Partners, IMC and Donovan;

    Defendants.
_____/

**CONSENT DECREE AND FINAL JUDGEMENT**

This matter comes before the Court upon the Joint Stipulation for Entry of Consent Decree ("Stipulation") of the Plaintiff, United States of America ("Plaintiff") and Defendants Robert Lhez; Mireille Dayer; Julie Poulleau; Arcana Center, Corp.; Partners VAD International Sàrl (collectively, "Defendants"). Defendants Robert Lhez, Mireille Dayer, Partners VAD International Sàrl, and Julie Poulleau are not citizens, residents or incorporated entities of the United States, but wish to finally resolve the matters alleged by Plaintiff without further

litigation, and therefore agree that this Court may enter and enforce this Consent Decree and Final Judgement ("the Consent Decree") against them in the United States, but specifically do not submit to this Court's jurisdiction (or the jurisdiction of any court in the United States) for any other purpose by entering into the Consent Decree.

Defendants consent to the entry of the Consent Decree without any admission or finding of fact, law, liability, or wrongdoing, and have agreed to the Consent Decree to avoid the delay, uncertainty, inconvenience and expense of protracted litigation.

Further, Plaintiff and Defendants hereby agree that the Consent Decree shall not be offered against Defendants in any other action, matter or proceeding brought by the United States that arises from the allegations in the Complaint. Notwithstanding the foregoing, this paragraph does not restrict the admissibility or use of this Consent Decree in any criminal or civil action alleging violations of this Consent Decree or charging violations of law that occurred after entry of the Consent Decree.

This Consent Decree is not intended, and shall not be construed, as a waiver of any applicable Fifth Amendment right against self-incrimination, or of any other defenses that Defendants may assert in any other proceeding. Defendants expressly reserve any applicable Fifth Amendment right against self-incrimination and all other defenses in any other proceeding.

The Court having reviewed the Stipulation and finding that Plaintiff brought this action against Defendants pursuant to the Fraud Injunction Statute, 18 U.S.C. § 1345, alleging that Defendants are violating or about to violate 18 U.S.C. §§ 1341 and 1349, by engaging in a conspiracy to execute a scheme and artifice to defraud, or for obtaining money or property by means of false or fraudulent representations with intent to defraud, using the United States mail,

and finding that Defendants have waived service of the Summons and the Complaint, and being otherwise fully advised, it is

**HEREBY ORDERED, ADJUDGED and DECREED as follows**:

1. The Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

2. For purposes of "the Consent Decree":

   a. "Defendants" means Robert Lhez d/b/a Lynco; Mireille Dayer; Julie Poulleau; Arcana Center, Corp. d/b/a LCO, LMS, CEB (a/k/a Centre du Bien-Etre Sàrl), Laura Vivian, Louis de Kersan and Helena Fay; Partners VAD International Sàrl ("Partners VAD") d/b/a Partners VAD, IMC and Donovan;

   b. "Covered Materials" refers to any advertisements, solicitations, or promotional materials that are addressed to or sent from addresses within the United States or travel through the United States mail:

   i. that represent, directly or indirectly, expressly or impliedly that good luck or good fortune will be bestowed upon the recipient as a benefit of psychic, clairvoyant or astrological services or items;

   ii. that refer to, relate to, or otherwise mention psychic, clairvoyant, or astrological services or similar items, including—but not limited to—any representation made directly or indirectly, expressly or impliedly that mailing is on behalf of Laura Vivian, Louis de Kersan, Helena Fay, Donovan, or any other actual or fictional individual purporting to be a psychic or offering psychic or offering psychic, clairvoyant, or astrological services or items;

      iii.      that represent, directly or indirectly, that services or items offered for purchase will: (1) increase the recipient's odds and/or probability of winning a lottery or other game of chance, or otherwise receiving delivery of cash, awards, or other prizes; or (2) entitle the recipient to receive an inheritance or other payment from a party other than the seller of the goods and services;

      iv.      that represent, directly or indirectly, expressly or impliedly that the communication is sent by a company, department, organization, or individual that: (1) had no or a de minimums role in mailing; (2) does not exist; (3) is not registered with a governmental entity as a trade name; or (4) is not registered with a governmental entity as a "doing business as" name;

      v.      that refer to, relate to, or otherwise mention any prize, lottery, sweepstakes, award, gift, or inheritance, including—but not limited to—representations made directly or indirectly, expressly or impliedly that the recipient has won, will win, or will receive a gift, cash, awards, prizes, lottery sweepstakes, or an inheritance, or that the recipient will receive delivery of the same in exchange for payment of a fee;

      vi.      directly or indirectly, expressly or impliedly, that for payment of a fee the payor will receive delivery of an item or one of a number of items, when in reality the payor will receive nothing or will receive delivery of a different item, irrespective of whether the materials contain a disclaimer or statement that the recipient will or may receive delivery of a different item;

      vii.      that represent, directly or indirectly, expressly or impliedly, that the recipient of the solicitation was specifically selected to receive the mailing

based on a reason other than the fact that the recipient's name appears on a mailing list; or

 viii. that contain any other materially false or misleading representations, advertisements, or promotional materials;

 c. "Customer Lists" refers to any compilation including personal information – such as the name, address, telephone number, email address, Social Security number, other identifying information, or data that enables access to a person's account (including a credit card, bank account, or other financial account), that was compiled in whole or in part from individuals who have responded to any Covered Materials.

 d. "Prize Promotion Scheme" means a plan, program, promotion, or campaign that utilizes the United States mail and is conducted to mislead a prospective consumer or consumer to believe that they have won, or may or will win or receive, a sweepstakes, contest, lottery, prize, inheritance, money, property, or other thing of value, contingent on the consumer providing, or providing a means of accessing or obtaining, any fee.

 e. "Person" means an individual, a corporation, a partnership, or any other entity.

 f. "Fee" refers to a payment or compensation of any kind regardless of how the payment or compensation is labeled, including but not limited to processing fees, service fees, purchase fees, nominal fees, symbolic payments, gifts, and gratuities.

 g. "Caging Services" refers generally to processing direct mail payments and orders sent in response to any Covered Materials. The services provided may include, but are not limited to, opening the return envelopes, entering or inputting data about

individuals responding to Covered Materials, processing payments, compiling product orders, correcting recipient addresses, processing returned mail, providing lockbox services and depositing funds and the associated data processing for each of these services.

  h. "Mass-Mail Marketing" means any plan, program, or campaign that utilizes the United States mail to induce via substantially identical content, a large number of persons to (1) purchase goods or services or (2) participate in a lottery, contest or sweepstakes.

  i. "Psychic" refers to persons (actual or fictitious) that are presented in mailed solicitations or other solicitations to consumers as having psychic, clairvoyant, or other such similar special abilities.

  3. Defendants, their agents, officers, employees, and successors, and all other persons and entities in active concert or participation with them, are jointly and severally permanently enjoined from:

  a. committing or conspiring to commit mail fraud, as defined by 18 U.S.C. §§ 1341 and 1349;

  b. using the United States mail, or causing others to use the United States mail, to distribute any Covered Materials, or to send or receive payments in response to any Covered Materials;

  c. receiving, handling, opening, or forwarding, or causing others to do the same, any mail that responds, by sending payment or otherwise, to any Covered Materials that has travelled through United States mail;

d. printing, or causing others to print, any Covered Materials that will be distributed through the United States mail;

e. directly or indirectly, assisting, facilitating, or participating in any Prize Promotion Scheme or Mass-Mail Marketing that in any way involves addresses, persons, or entities in the United States, including, but not limited to, where materials are created, printed, or processed in the United States; materials are mailed to U.S. addresses; and responses are received or processed in the United States;

f. disclosing, utilizing, benefitting from, selling, offering for sale, leasing, or offering for lease any Customer Lists;

g. performing "Caging Services" on correspondence received in response to any Covered Materials;

h. acting as a consultant, whether paid or unpaid, for any person or entity engaged in any of the conduct described in Paragraph 3 (a) - (g), *supra*;

i. obtaining or entering into any ownership interest, employment relationship, affiliation, or other contractual relationship with any business entity (incorporated or unincorporated) involved in Mass-Mail Marketing; Prize Promotion Scheme; and/or Covered Materials;

j. renting, leasing, possessing, or having control over any post office boxes, commercial mail receiving agency ("CMRA") boxes, private mail boxes, or other addresses located in the United States for the purposes of receiving Covered Materials, Prize Promotion mail, or responses to any Mass-Mail Marketing campaign;

k. destroying, deleting, removing, or transferring any and all business, financial, accounting, and other records concerning Defendants' operations and the

operations of any other corporate entity owned or controlled, in whole or in part, by Defendants.

4. Within twenty-one (21) days of entry of this Consent Decree, Defendants are ordered to provide to their legal counsel all copies of (1) any Customer Lists and (2) any Covered Materials that are currently in their possession, custody, or control and shall not retain in their possession or control any copies of such Customer Lists or Covered Materials. Within twenty-one (21) days of entry of this Consent Decree, Defendants shall also direct any third parties that are in custody of Defendants' Customer Lists and Covered Materials as a result of Defendants providing such material to said third parties, excluding their own legal counsel, to provide all copies of such materials to defense counsel in this matter and not to retain any copies of such materials in the third party's possession, custody or control, provided however that these third parties may also provide a copy of such Customer Lists and Covered Materials to their own retained counsel.

5. Within twenty-eight (28) days of entry of this Consent Decree, Defendants shall provide counsel of record for the United States a certification in the form attached here as Exhibit A, sworn under penalty of perjury before a local notary, certifying that Defendants no longer have in their possession any such materials.

6. Within twenty-one (21) days after the entry of this Consent Decree, Defendants shall provide copies of this Consent Decree to all direct mailers, list brokers, printer/distributors, mailing houses, caging services, CMRAs, couriers, and mail shippers with whom they have done business with respect to this matter regarding any Covered Materials informing them that they are subject to Consent Decree as an entity in active concert or participation with Defendants.

7. Within twenty-eight (28) days after entry of the Consent Decree, Defendants shall provide proof of such notice to the Court and the United States, by providing a copy of each notice sent pursuant to this provision. If not apparent on the face of the notice, Defendants shall provide the name of the entities and/or individuals to whom the notice was sent, the physical address or email address to which the notice was sent, and when the notice was sent.

8. The United States Postal Service and United States Customs and Border Control are authorized to detain:

   a. all of Defendants' mail, addressed to any foreign P.O. box, private mail boxes, or any other address anywhere in the world registered to, rented by, or controlled by Defendants or any other corporate entity owned or controlled by Defendants, which is responsive to and directly related to any of the Covered Materials;

   b. all of Defendants' incoming mail, mail matter, or packages transported in interstate or foreign commerce addressed to any post office boxes, private mail boxes or any other address anywhere in the United States registered to, rented by, or controlled by Defendants or any other corporate entity owned or controlled by Defendants, which consists of or contains responses to any Covered Materials; and

   c. any Covered Materials that are deposited into the United States mail, or brought into the United States as freight and destined for delivery to a potential recipient in the United States, by Defendants, their agents, officers or employees, or any other persons or entities in active concert or participation with them.

   d. To the extent that the United States Postal Service or United States Customs and Border Control detain mail, mail matter or packages pursuant to this paragraph, and not pursuant to any other independent legal or regulatory authority,

United States Postal Service or United States Customs and Border Control shall provide notice Defendants of such detention and shall reference this Consent Decree and Judgment.

9. The United States Postal Inspection Service is authorized to open any and all United States mail, mail matter, or packages that were detained by the United States Postal Inspection Service pursuant to Paragraph, 8 *supra*. The United States Postal Inspection Service shall return any currency, bearer instruments (including but not limited to money orders and travelers checks), and any personal effects that can be positively identified with its sender contained in any mail opened pursuant to this Paragraph. This return shall include a letter notifying the sender of the disposition of this matter. The United States Postal Inspection Service is authorized to destroy any and all remaining detained mail (including but not limited to envelopes, order forms, correspondence, personal checks, and payment card information (PCI)).

10. Within fourteen (14) days after the entry of this Consent Decree, Defendants are ordered to submit to U.S. Postal Inspector Clayton Gerber, a written acknowledgment of receipt of this Consent Decree in person or by U.S. mail to:

> U.S. Postal Inspector Clayton Gerber
> United States Postal Inspection Service
> PO Box 7404
> Washington, DC 20044-7404

11. Defendants understand and acknowledge that they may be subject to civil and/or criminal liability (including for contempt) upon a finding by a court that they have violated this Consent Decree.

12. The Consent Decree shall not be modified except in writing by Plaintiff and Defendants and subject to approval by the Court.

13. Plaintiff and Defendants agree to bear their own costs and attorney's fees in this action.

14. The undersigned parties and counsel each represent that he, she, or it is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind to this document the Party which he, she, or it represents.

15. Defendants hereby agree to waive, release, and remit any and all claims, either directly or indirectly against the United States and its agencies, employees, representatives and agents, including but not limited to the Department of Justice, the United States Postal Inspection Service, and their employees, with respect to this civil action pursuant to 18 U.S.C. § 1345. This waiver and release does not apply to any separate action or claim related to funds that were seized by the United States, its agencies, employees, representatives and agents. Defendants reserve all rights and defenses as to any separate claims to seized funds.

16. This Consent Decree may be signed by the parties in counterparts, each of which constitutes an original and all of which constitute one of the same Consent Decree. Signatures delivered by facsimile transmission, or as .pdf attachments to emails, shall constitute acceptable, binding signatures for purposes of this Consent Decree.

17. This Consent Decree shall constitute a final judgment and order in this action.

This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Consent Decree and for the purpose of granting such additional relief as may be necessary and appropriate.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of October, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE